WILLIAM S. ESKRIDGE ET AL. *v.* SILAS A. RUTLAND ET AL.

1. JUDGMENT. *Justice of the peace.  Jurisdiction.*

When the judgment of a justice of the peace does not exceed $200, the amount limiting his jurisdiction, and is founded upon a demand within that amount, it cannot be attacked in the circuit court, save by direct appeal, on the ground that the cause of action was an entire one for an amount in excess of $200, and had been split up to give jurisdiction to the justice court.

2. SAME. *Debt for labor performed.   Code 1892, § 1980.*

So much of the judgment of a justice of the peace for the sum in suit as adjudges, in advance of any claim of exemption, that, in consequence of plaintiff's demand being for labor performed, all of the defendant's property is liable without benefit of exemption, is a nullity.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*James Stone, W. S. Eskridge,* and *W. C. McLean,* for the appellants.

The motion filed to quash the execution in the circuit court assigns two reasons why said judgment is void.   Of course if the judgment is void, the motion is good as to both issues.   Is this a void judgment?   We say not.   Appellants sued for $135 and interest.   Defendant was properly served with process, appeared and contested plaintiff's demand.   The judgment of the court was such as should have been rendered if plaintiff's demand was correct.   We then have the judgment of the court having jurisdiction of the subject-matter and the person and authority to decide the very question which it did decide.   We submit this to the test.   Black on Judgment, vol. 1, sec. 215, p. 261; *Moore v. Ware,* 51 Miss., 206; *Parisot v. Green,* 46 Miss., 747.

If the court had jurisdiction it had the right to decide every question involved, and whether its decision be right or wrong it is binding on all concerned until reversed in the manner provided by law. Black on Judgments, vol. 1, sec. 218, p. 265 and sec. 244, p. 296, and authorities cited in note, p. 140; also sec. 245, p. 298, and sec. 246, p. 300, and authorities cited in note under the last two sections; also *Moore* v. *Ware,* 51 Miss., 206; *Parisot* v. *Green,* 46 Miss., 747.

The very reasons assigned by appellees why this judgment is void suggest to the mind at once that they are merely grounds of defense which might have been availed of at the trial or on appeal to the circuit court from the original judgment if the justice's court rendered a wrong judgment, but not in a collateral attack. The court has another one for the sum of $300, and so split up, etc. Appellant's demand was for only $135 and interest. Of this amount the court had jurisdiction, and whether this was a part of another demand of $300 was a fact to be determined in this very proceeding in the justice's court on the trial of the original suit between appellants and Rutland. It was determined adversely to appellees, and this decision must stand unless overthrown by direct appeal.

Appellee's second contention is that the judgment is void because the record contains no affidavit setting forth and describing the specific property upon which the labor was performed. If § 1980, code 1892, requires such affidavit, we submit the error would be cured by our statute of jeofails, § 746, code 1892, but the truth is the statute required no such affidavit and no such specification. Counsel seem to have wholly misconceived the nature of this original suit and the object sought to be attained. This is not a suit under § 1980, code of 1892, for the purpose of establishing a claim for labor done or materials furnished for certain property and seeking a lien against

the property, but it is a suit under that section for "labor performed" merely.

It is not necessary for any special action to be commenced by a party who has performed labor upon any property in order to prevent the owner from claiming his exemptions. His day in court is when the claim is presented and when the issue is made that the claim is for labor performed; this day was given Rutland when he was sued before the justice of the peace, and the issue upon this point was decided against him. The point was squarely presented and decided by this court in *Ransom* v. *Duff*, 60 Miss., 901. Sec. 1255 of the code of 1880 also provided "that no property should be exempt from execution when the process is for rent." In that case, Ransom sued Duff in a personal action for rent due and unpaid, and obtained a personal judgment; execution issued upon this judgment, and was levied upon certain exempt property. The lower court held that since the action was not an attachment for rent, the owner could claim the exemption. This court reversed the lower court, and held that the statute abolished all exemptions for rent, and, in consequence, it followed that no exemption was allowed, regardless of the legal process adopted for the collection of the demand.

TERRAL, J., delivered the opinion of the court.

Eskridge & McLean, the plaintiffs in this suit, brought their action in the justice court against S. A. Rutland "for $135 for work and labor done and performed and rendered by them at his special instance and request." They obtained judgment before the justice of the peace, and execution thereon was levied upon several articles of personal property, some of which were claimed by Rutland as being exempt from execution, and also upon a buggy and harness, which was claimed by Mrs. Rutland as her separate property. These issues were tried by the justice of the peace, and were decided by him in favor of the plaintiff in execution.

From this decision Mr. and Mrs. Rutland appealed to the circuit court, and there the defendant moved the court "to quash and set aside the levy of execution, because it was issued upon a void judgment, as the suit was founded upon a contract for more than $200, the contract being one entire transaction for the sum of $300, and because the suit is to establish a laborer's lien, and no affidavit is made for that purpose."

The motion was sustained, the levy was quashed, set aside and discharged, and the plaintiffs appeal. It was too late when the case—the claimants' issue—came to the circuit court to make any objection to the validity of the original judgment before the justice of the peace. An objection to the judgment there rendered could only be inquired into by an appeal to the circuit court within five days. The judgment is not void upon its face; there is nothing to show that it is part of an entire demand which had been split up to give the justice jurisdiction. If so, it should have been defeated upon that ground, or appealed from. The circuit court should have proceeded to try the issues between the plaintiffs and the claimants. Unless the plaintiffs showed that the property claimed by Mrs. Rutland was the property of the defendant, she was entitled to a verdict and judgment, and S. A. Rutland was entitled to show that under § 1963, annotated code, the property levied upon as his was exempt from execution.

That part of the judgment rendered by Justice Osborne declaring that as the claim is for work and labor done, any and all of S. A. Rutland's property is liable for its satisfaction, and that none of his property is exempt from its payment, is a mere nullity and of no force.

*Reversed and remanded.*